**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

XAVIER WATKINS and )
KENNETH WATKINS )
      Plaintiffs, )    Case No.: 26-cv-3847
          )
      v. )
          )
Village of Maywood Police Officers, )    **JURY DEMANDED**
RUBEN GONZALEZ-SAUCEDA, )
TERRANCE BROWN, JOHN )
COCHAIRO, GABRIEL MARTINEZ, )
PATRICK REILLY, and VILLAGE OF )
MAYWOOD )
          )
      Defendants. )

## COMPLAINT

NOW COMES Plaintiffs, XAVIER WATKINS and KENNETH WATKINS, by and through their attorneys, Tricia M. Crabtree and Edward M. Fox of Ed Fox & Associates, Ltd., and complaining of Defendants RUBEN GONZALEZ-SAUCEDA, TERRANCE BROWN, JOHN COCHAIRO, GABRIEL MARTINEZ, PATRICK REILLY, and VILLAGE OF MAYWOOD, and states as follows:

### JURISDICTION AND VENUE

1.  This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2.  Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

1

3. At all times herein mentioned, Plaintiff Xavier Watkins (hereinafter "Xavier") was and is a citizen of the United States and was within the jurisdiction of this Court.

4. At all times herein mentioned, Plaintiff Kenneth Watkins (hereinafter "Kenneth") was and is a citizen of the United States and was within the jurisdiction of this Court.

5. At all times herein mentioned, Officers Ruben Gonzalez-Sauceda, Terrance Brown, John Cochairo, Gabriel Martinez, and Patrick Reilly (collectively "Defendant Officers") were employed by the Village of Maywood and were acting under color of state law and as the employee, agent, or representative of the Village of Maywood. These defendants are being sued in their individual capacities.

6. At all times here mentioned, the Village of Maywood was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of Maywood maintained, managed, and/or operated the Village of Maywood Police Department.

## FACTUAL ALLEGATIONS

7. On or around November 16, 2024, at approximately 6:00 pm, gunshots were heard on the 1600 block of 5th Avenue in Maywood, Illinois.

8. During the time that the gunshots were heard, Xavier was several blocks away working on a car in the driveway at 1617 S. 8th Avenue in Maywood, Illinois, which is his father's home. His father is Kenneth.

9. Xavier also resided in the home.

10. Xavier did not match the description of the shooter.

11. At approximately 6:13 pm, Officer Gonzalez-Sauceda arrived at the home and immediately entered the driveway, walking toward the direction of Xavier.

12. Xavier began walking from the driveway toward the home, and Officer Gonzalez-Sauceda followed him onto the property, went through a gate on the property, and went into the backyard of the home.

13. A few seconds later, Officers Brown, Cochairo, and Martinez arrived and ran into the yard of the home as well.

14. No one gave any of the Defendant Officers consent to enter the property or the curtilage of the home, and Defendant Officers did not have a warrant to enter the home or the curtilage of the home.

15. After Defendant Officers followed Xavier into the yard of the home, they grabbed Xavier, shoved him to the ground, caused physical injuries to him, pointed guns at him, and otherwise used force on Xavier that was unnecessary and excessive.

16. Defendant Officers then handcuffed Xavier.

17. Defendant Reilly also assisted in the arrest and detention of Xavier.

18. Defendant Officers then searched Xavier's person, including but not limited to his pockets, without any legal justification.

19. Defendant Officers then took Xavier to the police station.

20. Defendant Officers charged and/or caused Xavier to be charged with five counts of resisting/obstructing a peace officer.

21. All charges were dismissed on or about November 12, 2025.

22. By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to their damage in an amount to be ascertained.

23. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

24. By reason of the above-described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1983, 42 U.S.C 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I

**PLAINTIFF XAVIER WATKINS AGAINST DEFENDANTS GONZALEZ-SAUCEDA, BROWN, COCHAIRO, MARTINEZ, AND REILLY FOR UNREASONABLE SEIZURE PURSUANT TO 42 U.S.C. § 1983**

25. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) as though fully set forth at this place.

26. Defendant Officers individually acted to deprive Plaintiff of his Fourth Amendment rights by handcuffing, arresting, and detaining Plaintiff without probable cause, reasonable suspicion, or any other legal justification.

27. By reason of the Defendant Officers' conduct, Plaintiff was deprived of his freedom and his rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

28. The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendments rights.

## COUNT II

### PLAINTIFF XAVIER WATKINS AGAINST DEFENDANTS GONZALEZ-SAUCEDA, BROWN, COCHAIRO, MARTINEZ, AND REILLY FOR UNREASONABLE SEARCH OF PLAINTIFF'S PERSON

29. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-eight (28) as though fully set forth at this place.

30. Defendant Officers individually acted to deprive Plaintiff of his Fourth Amendment rights by conducting a search of Plaintiff's person, including but not limited to his clothing, without probable, reasonable suspicion, or any other legal justification.

31. By reason of the Defendant Officers' conduct, Plaintiff was deprived of his freedom and his rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

32. The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendments rights.

## COUNT III

### PLAINTIFF XAVIER WATKINS AGAINST DEFENDANTS GONZALEZ-SAUCEDA, BROWN, COCHAIRO, MARTINEZ, AND REILLY FOR A MALICIOUS PROSECUTION PURSUANT TO 42 U.S.C. § 1983

33. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-two (32) as though fully set forth at this place.

34. Plaintiff was prosecuted, and Defendant Officers caused Plaintiff to be prosecuted.

35. There was no probable cause to institute the charges against Plaintiff.

36. Defendants acted maliciously in causing Plaintiff to be prosecuted in that, among other things, they falsified evidence.

37. As a result of Defendants' actions, Plaintiff was deprived of his liberty and suffered damages.

38. The underlying charges were terminated in Plaintiff's favor.

39. The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendments rights.

## COUNT IV

**PLAINTIFF XAVIER WATKINS AGAINST ALL DEFENDANTS AND EACH OF THEM, INLCUDING THE VILLAGE OF MAYWOOD, FOR THE STATE LAW CLAIM OF MALICOUS PROSECUTION**

40. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-nine (39) as though fully set forth at this place.

41. Plaintiff was prosecuted without probable cause to believe he committed any crimes or offenses.

42. Defendants commenced and/or caused the charges to be instituted against Plaintiff.

43. The underlying charges were terminated in Plaintiff's favor.

44. Defendants acted with malice in instituting the proceedings against Plaintiff in that, among other things, they falsified evidence.

45. Plaintiff was damaged as a result of being maliciously prosecuted, as he suffered a loss of liberty and suffered emotional distress in a sum to be ascertained.

46. The Village of Maywood is liable pursuant to the doctrine of *respondeat superior.*

47. The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's rights.

## COUNT V

**PLAINTIFF XAVIER WATKINS AGAINST DEFENDANTS GONZALEZ-SAUCEDA, BROWN, COCHAIRO, AND MARTINEZ FOR EXCESSIVE FORCE PURSUANT TO § 1983**

6

48.     Plaintiff hereby incorporates and realleges paragraphs one (1) through forty-seven (47) as though fully set forth at this place.

49.     Defendants purposefully and knowingly used an unreasonable amount of force in detaining and handcuffing Plaintiff, causing pain and injury to Plaintiff.

50.     Defendants had no just cause to use the above-mentioned force against Plaintiff.

51.     The force used by Defendants was unnecessary, unreasonable, and excessive.

52.     As a result, Plaintiff was injured physically, emotionally, and otherwise by losing constitutionally protected liberty rights.

## COUNT VI

### PLAINTIFF KENNETH WATKINS AGAINST DEFENDANTS GONZALEZ-SAUCEDA, BROWN, COCHAIRO, MARTINEZ, AND REILLY FOR UNREASONABLE SEARCH OF HOME PURSUANT TO 42 U.S.C. § 1983

53.     Plaintiff hereby incorporates and realleges paragraphs one (1) through fifty-two (52) as though fully set forth at this place.

54.     Defendant Officers individually acted to deprive Plaintiff of his Fourth Amendment rights by entering and otherwise searching Plaintiff's property and the curtilage of his home without a warrant or any other legal justification.

55.     By reason of the Defendant Officers' conduct, Plaintiff was deprived of his freedom and his rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

56.     The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendments rights.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, by and through their attorneys, Tricia M. Crabtree and Edward

M. Fox of ED FOX & ASSOCIATES, LTD., request judgment as follows against the defendants and

each of them:

1.    That Defendants and each of them and other unnamed and unknown Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2.    That these same Defendants be required to pay Plaintiff's special damages;

3.    That these same Defendants required to pay Plaintiff's attorneys fees pursuant to 42 1983 of Title 42 of the United States Code, Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.    That the individual Defendants and each of them and other unnamed and unknown Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5.    That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6.    That Plaintiff have such other and further relief as this Court may deem just and proper.

BY:    *s/ Edward M. Fox*
Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
ARDC No. 6205330
118 N. Clinton St.
Suite 425
Chicago, Illinois 60661
(312) 345-8877
efox@efox-law.com

*s/ Tricia M. Crabtree*
Tricia M. Crabtree
ED FOX & ASSOCIATES
Attorneys for Plaintiff
ARDC No. 6352698
118 N. Clinton St.
Suite 425

Chicago, Illinois 60661
(312) 345-8877
efox@efox-law.com


**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:    _s/ Edward M. Fox_

Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
ARDC No. 6205330
118 N. Clinton St.
Suite 425
Chicago, Illinois 60661
(312) 345-8877
efox@efox-law.com

_s/ Tricia M. Crabtree_
Tricia M. Crabtree
ED FOX & ASSOCIATES
Attorneys for Plaintiff
ARDC No. 6352698
118 N. Clinton St.
Suite 425
Chicago, Illinois 60661
(312) 345-8877
efox@efox-law.com